```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

SECURITIES AND EXCHANGE COMMISSION,

               Plaintiff,

vs.                          Case No. 2:09-cv-229-FtM-29SPC

FOUNDING PARTNERS CAPITAL
MANAGEMENT, and WILLIAM L. GUNLICKS,

               Defendants,

SUN CAPITAL, INC., SUN CAPITAL
HEALTHCARE, INC., FOUNDING PARTNERS
STABLE-VALUE FUND, LP, FOUNDING
PARTNERS STABLE-VALUE FUND II, LP,
FOUNDING PARTNERS GLOBAL FUND, LTD.,
and FOUNDING PARTNERS HYBRID-VALUE
FUND, LP,

               Relief Defendants.
_____

**OPINION AND ORDER**

     This matter comes before the Court on the following motions: (1) Plaintiff's Emergency Motion for Asset Freeze Order and Other Relief as to Sun Capital, Inc. and Sun Capital Healthcare, Inc. (Doc. #14) filed on April 22, 2009; (2) Receiver's Emergency Motion to Expand Powers of Receiver Over Relief Defendants Sun Capital, Inc. and Sun Capital Healthcare, Inc. (Doc. #36), filed on April 29, 2009; and (3) Sun Capital, Inc. and Sun Capital Healthcare, Inc.'s Motion for Modification of Order Appointing Receiver with Temporary Restraining Order (Doc. #42), filed on May 4, 2009. Various responses and replies have been filed (Docs. ##40, 57, 58, 59, 63). The Court had also notified the parties that it would

consider whether Leyza F. Blanco should be disqualified as the Receiver. (Doc. #46.) The Receiver filed a Response (Doc. #61) to this issue. The Court heard oral argument on all of the above issues on May 11, 2009.

**(1) Asset Freeze Order for Sun Capital Relief Defendants:**

Plaintiff, the Securities and Exchange Commission (SEC), seeks imposition of an "asset freeze" order as to Sun Capital, Inc. and Sun Capital Healthcare, Inc. (collectively, "Sun Capital"). The SEC asserts that Sun Capital has received $550 million, which was fraudulently raised by the defendants, and that a freeze order is necessary to prevent further dissipation of investors' funds and to preserve assets that could be used to pay disgorgement. Sun Capital responds that it is not a proper relief defendant and that even if it were, the SEC has failed to meet its burden to obtain a freeze upon Sun Capital's assets.

The Court has previously summarized the allegations of the Complaint (Doc. #1) in its Opinion and Order (Doc. #56) entered on May 7, 2009. This summary will be adopted but not repeated here. In sum, it is undisputed that Founding Partners Stable-Value Fund, LP ("Stable-Value") made loans to Sun Capital pursuant to written loan agreements, which allowed Sun Capital to use the loan proceeds to purchase healthcare and commercial receivables. The permitted uses of the loan proceeds were expanded by Stable-Value beginning in 2004, and the SEC alleges that the newly-allowed permitted uses increased the risks to Stable-Value's investors.

The resolution of the SEC's motion depends in large part on the nature of a "relief defendant." A relief defendant, sometimes referred to as a "nominal defendant," has no ownership interest in the property that is the subject of litigation but may be joined in the lawsuit to aid the recovery of relief. SEC v. Cavanagh, 445 F.3d 105, 109 n.7 (2d Cir. 2006). A relief defendant is not accused of wrongdoing, but a federal court may order equitable relief against such a person where that person (1) has received ill-gotten funds, and (2) does not have a legitimate claim to those funds. SEC v. George, 426 F.3d 786, 798 (6th Cir. 2005) (citations omitted). The court in Commodity Future Trading Comm'n v. Kimberlynn Creek Ranch, Inc., 276 F.3d 187 (4th Cir. 2002), discussed the theory behind this "obscure common law concept":

> A 'nominal defendant' is a person who can be joined to aid the recovery of relief without an [additional] assertion of subject matter jurisdiction only because he has no ownership interest in the property which is the subject of litigation. Because a nominal defendant has no ownership interest in the funds at issue, once the district court has acquired subject matter jurisdiction over the litigation regarding the conduct that produced the funds, it is not necessary for the court to separately obtain subject matter jurisdiction over the claim to the funds held by the nominal defendant; rather, the nominal defendant is joined purely as a means of facilitating collection. In short, a nominal defendant is part of a suit only as the holder of assets that must be recovered in order to afford complete relief; no cause of action is asserted against a nominal defendant.

Kimberlynn Ranch Creek, 276 F.3d at 191-92 (internal citations and quotations omitted).

Crediting the allegations in the Complaint and its supporting documents concerning the alleged false representations and omissions by defendants, the Court finds that the SEC has satisfied the first requirement – that the loan proceeds Sun Capital received from Stable-Value were ill-gotten funds. Sun Capital argues, however, that the SEC has failed to establish that Sun Capital lacks an ownership interest and legitimate claim in the loan proceeds it received from Stable-Value, and that therefore Sun Capital is not a proper relief defendant. The Court agrees.

While the SEC argues that an absolute ownership is required to preclude status as a relief defendant, the case law only requires an "ownership interest" in the funds to preclude an entity from being a proper relief defendant. <u>SEC v. Cherif</u>, 933 F.2d 403, 414 (7th Cir. 1991); <u>Kimberlynn Ranch Creek</u>, 276 F.3d at 191; <u>George</u>, 426 F.3d at 798. It is undisputed that Sun Capital received the loan proceeds pursuant to written loan agreements with Stable-Value, which gives Sun Capital certain rights and obligations with regard to the loan proceeds. There has been such a debtor-creditor relationship between Sun Capital and Stable-Value based on written agreements since 2001. This constitutes a sufficient legitimate ownership interest to preclude treating Sun Capital as a relief defendant. <u>See, e.g.</u>, <u>Kimberlynn Ranch Creek</u>, 276 F.3d at 192 (receipt of funds as payment for services rendered to an employer constitutes one type of ownership interest and would preclude proceeding against the holder of the funds as a nominal defendant).

Sun Capital is a far cry from the "paradigmatic" nominal defendant - a trustee, agent or depository. See SEC v. Colello, 139 F.3d 674, 676 (9th Cir. 1998). The Court is satisfied that the evidence establishes that Sun Capital has a legitimate ownership interest in the loan proceeds, and therefore cannot be a proper relief defendant. As such, the court lacks authority to freeze Sun Capital's assets. Therefore, the SEC's motion will be denied.

**(2) Expansion of Receiver's Powers:**

The Receiver has filed a motion to expand its powers over the Sun Capital relief defendants by seeking the appointment of a receiver or at least, a monitor. For the reasons stated above, the Sun Capital entities are not proper relief defendants and the court therefore has no authority to appoint either a receiver or a monitor. The motion will be denied.

**(3) Modification of Order Appointing Receiver:**

Sun Capital also requests that the Court modify its Order Appointing Receiver (Doc. #9) to permit Sun Capital to pursue its legal remedies against Founding Partners and/or the Receiver without first obtaining permission from the Court. Specifically, Sun Capital asserts that the Receiver has filed Notices of Default with regard to written loan agreements, and Sun Capital needs to pursue claims for contractual relief based upon the breaches of the written loan agreements. Sun Capital correctly points out that paragraph 15 of the Order Appointing Receiver precludes it "from

prosecuting any actions or proceedings which involve the Receiver or which affect the property of Founding Partners or the Relief Defendants." (Doc. #9, ¶15.) Additionally, Sun Capital requests a temporary restraining order preventing the Receiver from taking any action against, or making any demands of, Sun Capital based upon the recent Notice of Default issued by the Receiver.

As discussed below, the Court has removed the current Receiver other than is necessary to maintain the *status quo* until appointment of a substitute receiver. The Court finds that Sun Capital has not satisfied any of the elements that would be necessary for a temporary restraining order. The Court is inclined, however, to amend the Order Appointing Receiver to allow Sun Capital to bring a breach of contract suit against Founding Partners and/or the Receiver, based upon the loan agreements at issue. The Court will not make such an amendment, however, until after the substitute receiver is appointed and has had an opportunity to familiarize himself/herself with the case.

**(4) Disqualification of Receiver and Receiver's Counsel:**

In its motion for appointment of a Receiver, the SEC identified three qualified receivers and recommended Leyza F. Blanco, an attorney with the law firm of GrayRobinson, PA. In its Order Appointing Receiver (Doc. #9), the Court appointed Ms. Blanco as the Receiver; Ms. Blanco has retained GrayRobinson as the attorney for the Receiver. It has now been suggested by the Sun

Capital defendants that there may be a conflict that requires the disqualification of Ms. Blanco as Receiver.

Ms. Blanco is a shareholder in GrayRobinson. On June 28, 2007, GrayRobinson entered into a retainer agreement with Promise Healthcare, Inc. providing for both lobbying services and legal services regarding passage of a bill providing an extension of the deadline to obtain Certificates of Need on hospital facilities under construction. Although presumably drafted by GrayRobinson, the firm now takes the position that their retainer agreement is "somewhat misleading" because, while legal services were contemplated, the firm has only provided lobbying services to Promise Healthcare in Florida and Louisiana. GrayRobinson's relationship with Promise Healthcare is "ongoing." (Doc. #61, p. 3.) GrayRobinson has been paid a little over $100,000 in fees by Promise Healthcare. Promise Healthcare was not on the list of names or entities provided to Ms. Blanco for a firm "conflicts check," and she did not learn of her firm's connection with Promise Healthcare until after her appointment as Receiver. Promise Healthcare is an affiliate and factoring client of Sun Capital.

Whatever the nuances may be between acting as a lobbyist and acting as a lawyer, the short answer is that the Court would not have appointed Ms. Blanco as Receiver if the connection with Promise Healthcare had been revealed. Distinguishing legal advice from lobbying services is not always an easy task, particularly from a client's perspective. What Promise Healthcare knew was that

it hired GrayRobinson to provide legal and lobbying services. Promise Healthcare is sufficiently intertwined with the issues in the case so that its presence is not marginal. The Court sees no reason to begin a $550 million case with a Receiver who has potential conflict issues that may undermine confidence in her actions or lead to unproductive, collateral litigation, which can be avoided altogether by the appointment of a substitute receiver. The Court finds that it is not in the best interest of the investors to have Ms. Blanco serve as the Receiver in this case. Therefore, the Court will remove Ms. Blanco as Receiver in this case, not as a sanction for non-disclosure as suggested by defendant Gunlicks, but in the best interest of the investors and parties now that accurate information has been disclosed.

Accordingly, it is now

**ORDERED:**

1. Plaintiff's Emergency Motion for Asset Freeze Order and Other Relief as to Sun Capital, Inc. and Sun Capital Healthcare, Inc. (Doc. #14) is **DENIED**.

2. Receiver's Emergency Motion to Expand Powers of Receiver Over Relief Defendants Sun Capital, Inc. and Sun Capital Healthcare, Inc. (Doc. #36) is **DENIED**.

3. Sun Capital, Inc. and Sun Capital Healthcare, Inc.'s Motion for Modification of Order Appointing Receiver with Temporary Restraining Order (Doc. #42) is **GRANTED in part** to the extent that

the Court will in due course enter an order allowing Sun Capital to litigate any breach of contract claims it has in regard to the underlying loan agreements. The Court will not enter such an order until after the appointment of a substitute receiver.

4. Leyza F. Blanco is **REMOVED** as the Receiver in this case, and may hereafter take only those actions necessary to maintain the *status quo* until a new receiver is appointed. The firm of GrayRobinson, PA is **REMOVED** as counsel for the Receiver, and may hereafter take only those actions necessary to maintain the *status quo* until a new receiver is appointed.

5. The SEC shall forthwith cause a full conflicts check to be made by the two other suggested receivers, and such other potential receivers as it deems appropriate, and notify the Court of the results and its recommendation for a substitute receiver.

**DONE AND ORDERED** at Fort Myers, Florida, this __13th__ day of May, 2009.

_____
JOHN E. STEELE
United States District Judge

Copies:
Counsel of record