UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SECURITIES AND EXCHANGE COMMISSION,

        Plaintiff,

vs.                              Case No.  2:09-cv-229-FtM-29SPC

FOUNDING    PARTNERS    CAPITAL
MANAGEMENT, and WILLIAM L. GUNLICKS,

        Defendants,

SUN  CAPITAL,  INC.,  SUN  CAPITAL
HEALTHCARE, INC., FOUNDING PARTNERS
STABLE-VALUE  FUND,  LP,  FOUNDING
PARTNERS STABLE-VALUE FUND II, LP,
FOUNDING PARTNERS GLOBAL FUND, LTD.,
and FOUNDING PARTNERS HYBRID-VALUE
FUND, LP,

        Relief Defendants.

_____

## ORDER APPOINTING REPLACEMENT RECEIVER

_____This matter comes before the Court on Plaintiff's Motion for Appointment of a Replacement Receiver (Doc. #71) filed on May 13, 2009.  In this motion, plaintiff Securities and Exchange Commission (SEC) requests the appointment of a new Receiver over defendant Founding Partners Capital Management, Co. ("Founding Partners") and relief defendants Founding Partners Stable-Value Fund, LP, Founding Partners Stable-Value Fund II LP, Founding Partners Global Fund Ltd., and Founding Partners Hybrid-Value Fund LP ("Founding Partner Relief Defendants"), "with full and exclusive power, duty, and authority to: administer and manage the business affairs, funds, assets, choses in action and any other property of Founding

Partners and the Founding Partners Relief Defendants; marshal and safeguard all of the assets of Founding Partners and the Founding Partners Relief Defendants; and take whatever actions are necessary for the protection of investors." (Doc. #71, pp. 1-2.) The Court finds that the SEC has shown a *prima facie* case of violations of the federal securities laws by Founding Partners.

In an Opinion and Order (Doc. #70) entered on May 13, 2009, the Court removed the previously-appointed Receiver and Receiver's counsel, Leyza F. Blanco and GrayRobinson, PA, respectively, from the case due to conflicts issues. The SEC has submitted the credentials of a candidate to be appointed as the replacement Receiver of all of the assets, properties, books and records, and other items of Founding Partners and the Founding Partners Relief Defendants, including any properties, assets and other items held in the name of Founding Partners and the Founding Partners Relief Defendants, and the SEC has advised the Court that this candidate is prepared to assume this responsibility if so ordered by the Court.

Accordingly, it is now

**ORDERED**:

1.   Plaintiff SEC's Motion for Appointment of a Replacement Receiver (Doc. #71) is **GRANTED.**

2.   Daniel S. Newman is appointed as replacement Receiver over Founding Partners and each of the Founding Partners Relief

Defendants, and each of their subsidiaries, successors and assigns, and is hereby authorized, empowered, and directed to do the following:

(a)   Take immediate possession of all property, assets and estates of every kind of Founding Partners and each of the Founding Partners Relief Defendants, whatsoever and wheresoever located, including but not limited to all offices maintained by Founding Partners and the Founding Partners Relief Defendants, rights of action, books, papers, data processing records, evidences of debt, bank accounts, savings accounts, certificates of deposit, stocks, bonds, debentures and other securities, mortgages, furniture, fixtures, office supplies and equipment, and all real property of Founding Partners and the Founding Partners Relief Defendants wherever situated, and to administer such assets as is required in order to comply with the directions contained in this Order, and to hold all other assets pending further order of this Court.

(b)   Investigate the manner in which the affairs of Founding Partners and the Founding Partners Relief Defendants were conducted and institute such actions and legal proceedings, for the benefit and on behalf of Founding Partners or the Founding Partners Relief Defendants and their investors and other creditors as the Receiver deems necessary against those individuals, corporations, partnerships, associations and/or unincorporated organizations which the Receiver may claim have wrongfully, illegally or

-3-

otherwise improperly misappropriated or transferred money or other proceeds directly or indirectly traceable from investors in Founding Partners and the Founding Partners Relief Defendants, including against Founding Partners and the Founding Partners Relief Defendants, their officers, directors, employees, affiliates, subsidiaries, or any persons acting in concert or participation with them, or against any transfers of money or other proceeds directly or indirectly traceable from investors in Founding Partners and the Founding Partners Relief Defendants; provided such actions may include, but not be limited to, seeking imposition of constructive trusts, disgorgement of profits, recovery and/or avoidance of fraudulent transfers under Florida Statute § 726.101, et. seq. or otherwise, rescission and restitution, the collection of debts, and such orders from this Court as may be necessary to enforce this Order.

(c)     Present to this Court a report reflecting the existence and value of the assets of Founding Partners and the Founding Partners Relief Defendants and of the extent of liabilities, both those claimed to exist by others and those the Receiver believes to be legal obligations of Founding Partners and the Founding Partners Relief Defendants.

(d)     Appoint one or more special agents, employ legal counsel, actuaries, accountants, clerks, consultants and assistants as the Receiver deems necessary and to fix and pay their reasonable compensation and reasonable expenses, as well as all reasonable

-4-

expenses of taking possession of the assets and business of Founding Partners and the Founding Partners Relief Defendants, and exercising the power granted by this Order, subject to approval by this Court at the time the Receiver accounts to the Court for such expenditures and compensation.

(e)   Engage persons in the Receiver's discretion to assist the Receiver in carrying out the Receiver's duties and responsibilities, including, but not limited to, the United States Marshal's Service or a private security firm.

(f)   Defend, compromise or settle legal actions, including the instant proceeding, in which Founding Partners, any of the Founding Partners Relief Defendants, or the Receiver are a party, commenced either prior to or subsequent to this Order, with authorization of this Court; except, however, in actions where Founding Partners or the Founding Partners Relief Defendants are a nominal party, as in certain foreclosure actions where the action does not effect a claim against or adversely affect the assets of Founding Partners or the Founding Partners Relief Defendants, the Receiver may file appropriate pleadings at the Receiver's discretion.  The Receiver may waive any attorney-client or other privilege held by Founding Partners or the Founding Partners Relief Defendants.

(g)   Assume control of, and be named as authorized signatory for, all accounts at any bank, brokerage firm or financial institution which has possession, custody or control of

any assets or funds, wherever situated, of Founding Partners or the Founding Partners Relief Defendants and, upon, order of this Court, of any of their subsidiaries or affiliates, provided that the Receiver deems it necessary.

(h)  Make or authorize such payments and disbursements from the funds and assets taken into control, or thereafter received by the Receiver, and incur, or authorize the incurrence of, such expenses and make, or authorize the making of, such agreements as may be reasonable, necessary, and advisable in discharging the Receiver's duties.

(i)  Have access to and review all mail of Founding Partners and the Founding Partners Relief Defendants (except for mail that appears on its face to be purely personal or attorney-client privileged) received at any office or address of Founding Partners or any of the Founding Partners Relief Defendants.

3.  In connection with the appointment of the Receiver provided for above:

(a)  Founding Partners and each of the Founding Partners Relief Defendants, and all of their directors, officers, agents, employees, attorneys, attorneys-in-fact, shareholders, and other persons who are in custody, possession, or control of any assets, books, records, or other property of Founding Partners or the Founding Partners Relief Defendants shall deliver forthwith upon demand such property, money, books and records to the Receiver, and shall forthwith grant to the Receiver authorization to be a

-6-

signatory as to all accounts at banks, brokerage firms or financial institutions which have possession, custody or control of any assets or funds in the name of or for the benefit of Founding Partners or the Founding Partners Relief Defendants.

(b)  All banks, brokerage firms, financial institutions, and other business entities which have possession, custody or control of any assets, funds or accounts in the name of, or for the benefit of, Founding Partners or the Founding Partners Relief Defendants shall cooperate expeditiously in the granting of control and authorization as a necessary signatory as to said assets and accounts to the Receiver.

(c)  Unless authorized by the Receiver, Founding Partners and the Founding Partners Relief Defendants, and their principals shall take no action, nor purport to take any action, in the name of or on behalf of Founding Partners or any of the Founding Partners Relief Defendants.

(d)  Founding Partners, the Founding Partners Relief Defendants, and their principals and respective officers, agents, employees, attorneys, and attorneys-in-fact shall take no action, directly or indirectly, to hinder, obstruct, or otherwise interfere with the Receiver in the conduct of the Receiver's duties or to interfere in any manner, directly or indirectly, with the custody, possession, management, or control by the Receiver of the funds, assets, premises, and choses in action described above.

4.   The Receiver, and any counsel whom the Receiver may select, are entitled to reasonable compensation from the assets now held by or in the possession or control of or which may be received by Founding Partners or the Founding Partners Relief Defendants; said amount or amounts of compensation shall be commensurate with their duties and obligations under the circumstances, subject to approval of the Court.

5.   During the period of this receivership, all persons, including creditors, banks, investors, or others, with actual notice of this Order, are enjoined from filing a petition for relief under the United States Bankruptcy Code without prior permission from this Court, or from in any way disturbing the assets or proceeds of the receivership or from prosecuting any actions or proceedings which involve the Receiver or which affect the property of Founding Partners or the Founding Partners Relief Defendants.[1]

6.   Title to all property, real or personal, all contracts, rights of action and all books and records of Founding Partners and the Founding Partners Relief Defendants and their principals,

---

[1]In a prior Opinion and Order (Doc. #70), the Court indicated as follows: "The Court is inclined, however, to amend [this Order Appointing Replacement Receiver] to allow Sun Capital to bring a breach of contract suit against Founding Partners and/or the Receiver, based upon the loan agreements at issue.  The Court will not make such an amendment, however, until after the substitute receiver is appointed and has had an opportunity to familiarize himself/herself with the case."  (Doc. #70, p. 6.)

wherever located within or without this state, is vested by operation of law in the Receiver.

7. Upon request by the Receiver, any company providing telephone services to Founding Partners and any of the Founding Partners Relief Defendants shall provide a reference of calls from any number presently assigned to Founding Partners or any of the Founding Partners Relief Defendants to any such number designated by the Receiver or perform any other changes necessary to the conduct of the receivership.

8. Any entity furnishing water, electric, telephone, sewage, garbage or trash removal services to Founding Partners or any of the Founding Partners Relief Defendants shall maintain such service and transfer any such accounts to the Receiver unless instructed to the contrary by the Receiver.

9. The United States Postal Service is directed to provide any information requested by the Receiver regarding Founding Partners or any of the Founding Partners Relief Defendants, and to handle future deliveries of the mail of Founding Partners and the Founding Partners Relief Defendants as directed by the Receiver.

10. No bank, savings and loan association, other financial institution, or any other person or entity shall exercise any form of set-off, alleged set-off, lien, or any form of self-help whatsoever, or refuse to transfer any funds or assets to the Receiver's control without the permission of this Court.

11.   No bond shall be required in connection with the appointment of the Receiver.  Except for an act of gross negligence or greater, the Receiver shall not be liable for any loss or damage incurred by Founding Partners and the Founding Partners Relief Defendants, or by the Receiver's officers, agents or employees, or any other person, by reason of any act performed or omitted to be performed by the Receiver in connection with the discharge of the Receiver's duties and responsibilities.

12.   Service of this Order shall be sufficient if made upon Founding Partners or the Founding Partners Relief Defendants and their principals by facsimile or overnight courier.

13.   In the event that the Receiver discovers that funds of persons who have invested in Founding Partners or the Founding Partners Relief Defendants have been transferred to other persons or entities, the Receiver shall apply to this Court for an Order giving the Receiver possession of such funds and, if the Receiver deems it advisable, extending this receivership over any person or entity holding such investor funds.

14.   This Court shall retain jurisdiction of this matter for all purposes.

**DONE AND ORDERED** at Fort Myers, Florida, this   20th   day of May, 2009.

_____
JOHN E. STEELE
United States District Judge

Copies:
Counsel of record
Daniel S. Newman, Esq.