UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

vs.        Case No. 2:09-cv-229-FtM-29SPC

FOUNDING PARTNERS CAPITAL MANAGEMENT
and WILLIAM L. GUNLICKS,

    Defendants,

SUN CAPITAL, INC., SUN CAPITAL HEALTHCARE, INC., FOUNDING PARTNERS STABLE-VALUE FUND, LP, FOUNDING PARTNERS STABLE-VALUE FUND II, LP, FOUNDING PARTNERS GLOBAL FUND, LTD., and FOUNDING PARTNERS HYBRID-VALUE FUND, LP,

    Relief Defendants.
_____

**OPINION AND ORDER**

This matter comes before the Court on the Motion of the Sun Capital "Relief Defendants" to Dismiss the Complaint (Doc. #65) filed on May 11, 2009. Plaintiff filed its Response (Doc. #77) in opposition to the motion on May 26, 2009. For the reasons set forth below, the Court will grant the motion.

**I.**

Sun Capital, Inc. and Sun Capital Healthcare, Inc. (collectively, "Sun Capital") are named as "relief defendants" by plaintiff the Securities and Exchange Commission (SEC) in the Complaint (Doc. #1) against defendants Founding Partners Capital

Management, Co. and William L. Gunlicks. The Court previously summarized the allegations of the Complaint in its Opinion and Order (Doc. #56) entered on May 7, 2009, which summary will be adopted without being repeated here. It is undisputed that Founding Partners Stable-Value Fund, LP ("Stable-Value") made loans to Sun Capital pursuant to written loan agreements, which allowed Sun Capital to use the loan proceeds to purchase healthcare and commercial receivables. The permitted uses of the loan proceeds were expanded by Stable-Value beginning in 2004, and the SEC alleges that the newly-allowed permitted uses increased the risks to Stable-Value's investors. While the SEC has brought a variety of fraud-related counts against the actual defendants, no substantive claim has been made against Sun Capital. Rather, the SEC has named Sun Capital as relief defendants and will seek disgorgement of $550 million from Sun Capital if the SEC proves the case against the actual defendants.

**II.**

The essence of the motion to dismiss is that Sun Capital is not a proper relief defendant. As a result, Sun Capital argues, the district court lacks subject matter jurisdiction over Sun Capital and the Complaint fails to state a claim against Sun Capital.

While two different standards are applicable, in this case the result is the same under either standard. In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all well-pleaded

factual allegations in a complaint as true and take them in the light most favorable to plaintiff. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Christopher v. Harbury, 536 U.S. 403, 406 (2002). "To survive dismissal, the complaint's allegations must plausibly suggest that the [plaintiff] has a right to relief, raising that possibility above a speculative level; if they do not, the plaintiff's complaint should be dismissed." James River Ins. Co. v. Ground Down Eng'g, Inc., 540 F.3d 1270, 1274 (11th Cir. 2008) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)). The former rule--that "[a] complaint should be dismissed only if it appears beyond doubt that the plaintiffs can prove no set of facts which would entitle them to relief," La Grasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004)--has been retired by Twombly. James River Ins. Co., 540 F.3d at 1274. Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, No. 07-1015, ___ S. Ct. ___, 2009 WL 1361536, at *2 (May 18, 2009).

Rule 12(b)(1) motions challenging the subject matter jurisdiction of the court come in two forms, a "facial" attack motion and a "factual" attack motion. Morrison v. Amway Corp., 323 F.3d 920, 924 n.5 (11th Cir. 2003). A facial attack challenges subject matter jurisdiction based on the allegations in the complaint, and the court takes the allegations in the complaint as

-3-

true in deciding the motion. Id. at 924 n.5. Thus, the facial attack standard is similar to the Rule 12(b)(6) standard. O'Halloran v. First Union Nat'l Bank of Fla., 350 F.3d 1197 (11th Cir. 2003); Doe v. Pryor, 344 F.3d 1282, 1284-85 (11th Cir. 2003). When a court considers a Rule 12(b)(1) dismissal of a case on a factual challenge to subject matter jurisdiction, the court may consider facts outside of the pleadings such as testimony and affidavits, as long as the facts necessary to sustain jurisdiction do not implicate the merits of the plaintiff's cause of action. Morrison, 323 F.3d at 924-25. The label placed on the motion is not determinative. Troiano v. Supervisor of Elections, 382 F.3d 1276, 1278 n.2 (11th Cir. 2004).

### III.

The resolution of the motion essentially depends on the nature of a "relief defendant." The Court has addressed this matter in its Opinion and Order (Doc. #70) filed on May 13, 2009, in addressing the SEC's request to freeze Sun Capital's assets. The Court will borrow freely from its prior opinion.

A relief defendant, sometimes referred to as a "nominal defendant," has no ownership interest in the property that is the subject of litigation but may be joined in the lawsuit to aid the recovery of relief. SEC v. Cavanagh, 445 F.3d 105, 109 n.7 (2d Cir. 2006). A relief defendant is not accused of wrongdoing, but a federal court may order equitable relief against such a person where that person (1) has received ill-gotten funds, and (2) does

not have a legitimate claim to those funds. SEC v. George, 426 F.3d 786, 798 (6th Cir. 2005) (citations omitted). The court in CFTC v. Kimberlynn Creek Ranch, Inc., 276 F.3d 187 (4th Cir. 2002), discussed the theory behind this "obscure common law concept":

> A 'nominal defendant' is a person who can be joined to aid the recovery of relief without an [additional] assertion of subject matter jurisdiction only because he has no ownership interest in the property which is the subject of litigation. Because a nominal defendant has no ownership interest in the funds at issue, once the district court has acquired subject matter jurisdiction over the litigation regarding the conduct that produced the funds, it is not necessary for the court to separately obtain subject matter jurisdiction over the claim to the funds held by the nominal defendant; rather, the nominal defendant is joined purely as a means of facilitating collection. In short, a nominal defendant is part of a suit only as the holder of assets that must be recovered in order to afford complete relief; no cause of action is asserted against a nominal defendant.

Kimberlynn Ranch Creek, 276 F.3d at 191-92 (internal citations and quotations omitted).

Whether simply crediting the allegations in the Complaint and its supporting documents or considering the additional evidence submitted in connection with the Motion to Dismiss, the Court finds that the SEC has satisfied the first requirement--that the loan proceeds Sun Capital received from Stable-Value were ill-gotten funds. That is, they were ill-gotten by the actual defendants, not by Sun Capital. Sun Capital argues, however, that the SEC has failed to plead in the Complaint or otherwise establish that Sun Capital lacks an ownership interest or legitimate claim in the loan

proceeds it received from Stable-Value, and that therefore Sun Capital is not a proper relief defendant. The Court agrees.

The case law only requires an "ownership interest" or "legitimate claim" in the funds to preclude an entity from being a proper relief defendant. SEC v. Cherif, 933 F.2d 403, 414 (7th Cir. 1991); Kimberlynn Ranch Creek, 276 F.3d at 191; George, 426 F.3d at 798. This does not require possession of the full bundle of ownership rights that may exist in various types of property. It is undisputed that Sun Capital received the loan proceeds pursuant to written loan agreements with Stable-Value, which gives Sun Capital certain rights and obligations with regard to the loan proceeds. There has been a debtor-creditor relationship between Sun Capital and Stable-Value based on written agreements since 2001. This constitutes a sufficient legitimate ownership interest to preclude treating Sun Capital as a relief defendant. See, e.g., Kimberlynn Ranch Creek, 276 F.3d at 192 (receipt of funds as payment for services rendered to an employer constitutes one type of ownership interest and would preclude proceeding against the holder of the funds as a nominal defendant). Sun Capital is a far cry from the "paradigmatic" nominal defendant: a trustee, agent or depository. See SEC v. Colello, 139 F.3d 674, 676 (9th Cir. 1998). The Complaint affirmatively alleges facts showing that Sun Capital has a legitimate ownership interest in and/or legitimate claim to the loan proceeds. This precludes Sun Capital from being a proper

relief defendant even if, as the SEC argues, its claim is subordinate to the ownership claims of investors.

**IV.**

The SEC asserts three bases for jurisdiction: supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a); under the securities statutes; and under the inherent power of a court of equity. The Court is not convinced by the SEC's assertions.

The SEC argues that jurisdiction over Sun Capital in this case is premised on the portion of 28 U.S.C. § 1367(a) providing supplemental jurisdiction for a claim that is "so related to claims in the action within such original jurisdiction that they form part of the same case and controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). The only case relied upon, SEC v. Better Life Club of Am., Inc., 995 F. Supp. 167 (D.D.C. 1998) is not applicable. In Better Life Club the relief defendants were "gratuitous transferees who hold funds in constructive trust for defrauded investors." Better Life Club, 995 F. Supp. at 181. In the current case, the SEC has not alleged facts to show that Sun Capital qualifies as a relief defendant.

The SEC also argues that "the securities statutes themselves vest federal courts with jurisdiction over claims against non-violators." (Doc. #77, p. 6.) None of the cases cited by the SEC involved an alleged non-violator who did not meet the requirements of a relief defendant.

Finally, the SEC relies upon the Court's inherent equity power. None of the cases, however, hold that the inherent power of a court in equity creates jurisdiction. Rather, jurisdiction is required first before the Court may invoke its inherent power. Thus, the SEC's arguments that jurisdiction over Sun Capital can based upon the need to ensure that any future disgorgement orders have meaning and to protect the interests of defrauded investors are misplaced. The balance struck between necessity and the rights of a non-violator is such that the non-violator cannot be hauled into court unless it is essentially a disinterested stakeholder of money which may ultimately go to the plaintiff. That is not the situation set forth by the SEC in the Complaint or in the submitted evidence.

The SEC asserts that the court has jurisdiction to allow the evidence to develop as to whether Sun Capital has even a legitimate temporary claim to the funds under the written loan agreements. The Court does not find that such a sue-first-and-sort-out-the-facts-later approach is compatible with the Federal Rules or fundamental fairness. The SEC has carefully drafted a substantial Complaint that alleges wrongdoing by two defendants and makes no allegations of wrongdoing as to Sun Capital. The Court presumes that this is the result of the SEC's faithful adherence to Fed. R. Civ. P. 11(b)(3), which requires that "the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity to further

investigation or discovery; . . ." The Complaint alleges, and the evidence thus far supports, that there was a business relationship, spanning a number of years, between the Founding Partners entities and their principal and Sun Capital, pursuant to written agreements and/or oral agreements or modifications. The Complaint fails to specifically identify factual contentions against Sun Capital that will likely have evidentiary support after allowable discovery. If, as the SEC suggests, Sun Capital is violating their agreements, the Receiver has the authority to take appropriate steps. If discovery in the case changes the SEC's view as to the involvement of Sun Capital in the fraudulent activities, or develops facts which plausibly show Sun Capital is a bona fide relief defendant, it can seek to file an amended complaint.

Accordingly, it is now

**ORDERED:**

The Motion of the Sun Capital "Relief Defendants" to Dismiss the Complaint (Doc. #65) is **GRANTED**. Sun Capital, Inc. and Sun Capital Healthcare, Inc. are dismissed as relief defendants from the Complaint (Doc. #1).

**DONE AND ORDERED** at Fort Myers, Florida, this ___8th___ day of June, 2009.

JOHN E. STEELE
United States District Judge

Copies:
Counsel of record
Counsel for Receiver
Receiver