UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

vs.                                    Case No. 2:09-cv-229-FtM-29DNF

FOUNDING PARTNERS CAPITAL MANAGEMENT
CO., WILLIAM L. GUNLICKS and PAMELA
L. GUNLICKS,

    Defendants,

FOUNDING PARTNERS STABLE-VALUE FUND,
LP, FOUNDING PARTNERS STABLE-VALUE
FUND II, LP, FOUNDING PARTNERS
GLOBAL FUND, LTD., and FOUNDING
PARTNERS HYBRID-VALUE FUND, LP,

    Relief Defendants.
_____

**OPINION AND ORDER**

This matter comes before the Court on Receiver's Application for Issuance of a Letter of Request (Doc. #171) filed on October 16, 2009. None of the parties have filed a response and the time to do so has expired.

In the Application, Daniel S. Newman, the Receiver for defendant Founding Partners Capital Management Co. ("Founding Partners") and the above-captioned relief defendants (collectively, the "Receivership Entities") requests that the Court issue a Letter of Request to the Supreme Court of Bermuda, a draft of which is attached as Exhibit A (Doc. #171-2) to the Application. The Receiver has been allowed to intervene in an action pending before

that court, and a hearing is anticipated in the relatively near future. The proposed Letter of Request asks the Supreme Court of Bermuda to take the following actions: (1) recognize this Court's Asset Freeze Order and Order Appointing Receiver over Founding Partners and the Relief Defendants; (2) restrain any steps from being taken to enforce any security over the property of Founding Partners or any of the Relief Defendants, including Global Fund; (3) restrain the commencement or continuance of any proceedings or legal processes against Founding Partners or the Relief Defendants, including Global Fund; (4) order the turnover of all funds in the name of or held for the benefit of Founding Partners or the Relief Defendants to the Receiver, including but not limited to those held at Bank of Bermuda in the name of the Global Fund; and (5) authorize the Receiver to commence any ancillary winding up proceedings in Bermuda as may be necessary in accordance with the Order Appointing Receiver. (Doc. #171-2, p. 5.)

In support of his Application, the Receiver cites Title 28 U.S.C. § 1781(b)(2), which provides that a tribunal in the United States may transmit a letter rogatory or request directly to a foreign or international tribunal, officer, or agency. 28 U.S.C. § 1781(b)(2). The Court does not doubt that this statute, and the Court's inherent authority, authorizes it to issue letters rogatory or letters of request in the context of seeking the assistance of

a foreign court to obtain evidence or discovery.[1]  Indeed, the traditional definition of a letter rogatory is a request by a domestic court to a foreign court to take evidence from a certain witness.  Intel Corp. v. Advanced Micro Devices, Inc., 542 U.S. 241, 247 n.1 (2004).  The Receiver, however, is essentially asking this Court to instruct the Supreme Court of Bermuda how to rule on a case pending before it.  The Receiver has provided no basis, and the Court has found none, to suggest that such a request would be appropriate.  The Court has authorized the Receiver to hire counsel in Bermuda to assert the interests of the Receiver, and the Court declines to interfere in the exercise of the Bermuda court's authority.[2]

Accordingly, it is now

**ORDERED:**

The Receiver's Application for Issuance of a Letter of Request (Doc. #171) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this __29th__ day of December, 2009.

_____
JOHN E. STEELE
United States District Judge

Copies:
Counsel of record

---

[1] See, e.g., DBMS Consultants v. Computer Assocs. Int'l, 131 F.R.D. 367, 369 (D. Mass. 1990) (citing United States v. Reagan, 453 F.2d 165, 172 (6th Cir. 1971), cert. denied, 406 U.S. 946 (1972)); United States v. Staples, 256 F.2d 290, 292 (9th Cir. 1958).

[2] See, e.g., Progressive Minerals, LLC v. Rashid, No. 5:07-cv-108, 2009 WL 1789083, at *2 (N.D. W. Va. June 23, 2009) ("It is a well-settled principle that the decision whether to issue letters rogatory lies within the sound discretion of the court") (citing United States v. Rosen, 240 F.R.D. 204, 215 (E.D. Va. 2007)).