UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

vs.                                    Case No. 2:09-cv-229-FtM-29DNF

FOUNDING PARTNERS CAPITAL MANAGEMENT
CO., WILLIAM L. GUNLICKS and PAMELA
L. GUNLICKS,

    Defendants,
_____

**OPINION AND ORDER**

    This matter comes before the Court on the Receiver's Motion for an Order to Show Cause Why the Gunlicks Children, William L. Gunlicks, and Their Illinois Counsel Should Not Be Held in Contempt of Court for Violating the Receivership Order and Sanctioning Them to Coerce Compliance With the Court's Order (Doc. #265) filed on December 30, 2010. William L. Gunlicks, The Gunlicks Family, and Counsel The Deratany Firm & Delaney Law Group's Response (Doc. #269) was filed on January 13, 2011.

    The Receiver seeks an order to show cause directed at defendant William L. Gunlicks and non-parties Nissa Cox, Annalee Good, William V. Gunlicks (collectively the Gunlicks Children) and Jay Paul Deratany of The Deratany Firm and William Delaney of the Delaney Law Group (collectively the Illinois Counsel). The

Receiver asserts that these persons should be directed to show cause why they should not be held in contempt for violating this Court's Order Appointing Replacement Receiver (Doc. #73) by (1) filing a Complaint in the Circuit Court of Cook County, Illinois (the Illinois Action) in which the plaintiffs assert claims belonging only to the Receiver, and (2) negotiating or agreeing to a contingent fee arrangement with Illinois Counsel in connection with the Illinois Action.

In the Illinois Action the Gunlicks Children have sued Mayer Brown LLP, the former legal counsel for Founding Partners Capital Management Company (FPCMC), a Receivership Entity, and Ernst & Young, U.S., LLP, former outside auditor for FPCMC, for professional malpractice and breach of contract. The Receiver argues that these causes of action are the Receiver's alone, and that the assertion of them by others violates this Court's prior order enjoining such conduct. Because all the persons were on notice of the Court's order, and nonetheless proceeded, the Receiver seeks an order compelling them to show cause why they should not be held in contempt.

The primary question is whether the Complaint filed in the Illinois Action sets forth claims which belong exclusively to the Receiver. Each of the three plaintiffs in the Illinois Action assert claims "individually and as minority shareholder of Founding Partners Capital Management Company, and suing under Trust Number

61-6357311." The Receiver is concerned that the Illinois plaintiffs are attempting to assert a shareholders derivative suit on behalf of FPCMC, which would belong to the Receiver.

The Complaint in the Illinois Action states that each plaintiff is asserting claims "individually and as minority shareholder of Founding Partners Capital Management Company." This language is potentially problematic. A derivative action is an action by a shareholder on behalf of a corporation seeking relief for injuries done to the corporation. Davis v. Dyson, 900 N.E.2d 698, 705 (Ill. App. Ct. 2008). Such an action is clearly precluded by the Court's prior Order Appointing Replacement Receiver (Doc. #73). It appears, however, that the "as a minority shareholder" language is part of plaintiffs' attempt to allege an individual claim rather than a derivative claim. Illinois law allows a shareholder to bring an individual claim when the shareholder has a direct, personal interest in a cause of action:

> It is well established that a shareholder of a corporation seeking relief for an injury to the corporation, rather than a direct injury to the shareholder himself, must bring the suit derivatively on behalf of the corporation. This is true even if the allegation is that an officer, director, or controlling shareholder has breached a duty to the corporation. An exception to this rule, however, allows a shareholder with a direct, personal interest in a cause of action to bring suit even if the corporation's rights are also implicated. Determining whether an action is derivative or direct, however, requires a strict focus on the nature of the alleged injury, i.e., whether it is to the corporation or to the individual shareholder that injury has been done.

Alpha School Bus Co., Inc. v. Wagner, 910 N.E. 2d 1134, 1157 (Ill. App. Ct. 2009). If plaintiffs are not suing to recover damages for harm done to FPCMC, but to recover for harm done to them directly, plaintiffs may have standing to bring a suit in their individual capacities, Sterling Radio Stations, Inc. v. Weinstine, 765 N.E.2d 56, 60 (Ill. App. Ct. 2002), and would not be in violation of the Court's order.

The Illinois plaintiffs and their counsel have advised the Court that they are not seeking to assert a shareholders derivative suit, but only claims in their individual capacities (Doc. #269). One supporting factor for this perspective is that the Illinois Action fails to name FPCMC as a party, despite such a requirement for a derivative action under Illinois law. Davis, 900 N.E. 2d at 705. Whether plaintiffs state a claim upon which relief may be granted in their individual capacities is a matter for the Illinois courts. Any answer to this issue would not impact FPCMC and, therefore, would not impact the Receiver.

Additionally, assuming the Illinois Action is not a derivative shareholders suit[1], and that plaintiffs are seeking recovery only for damages done to them in their individual capacities, the contingency fee arrangement should not present a problem for FPCMC or the Receiver. Any monies recovered would belong to the

---

[1] The nature of the Illinois Action is, of course, for the Illinois courts to determine, unimpeded by this Court's initial view.

Gunlicks' individually and could be used to pay the Gunlicks' attorneys.

The Court does, however, find one provision in the Complaint troublesome. In the breach of contract claim in Count II, plaintiffs seek "return of all monies paid to MAYER BROWN from 2001 through 2009 . . . ." (Doc. #265-1, p. 8.) It would appear that the monies paid to Mayer Brown were paid by the corporation, not the individual shareholders, and that plaintiffs would have no legitimate claim to disgorgement of monies they did not pay, most of which were paid before they became shareholders. Absent Illinois law providing this as a proper measure for individual damages, this would appear to be relief only available to the corporation, and hence the Receiver. The Court concludes that the presence of this requested relief at this early stage of the Illinois Action does not merit a show cause order. The Court, however, reserves its option to require explanation if the Illinois Action continues forward and this claim for relief remains part of

that case, or if the Court's assessment of the individual nature of the claims proves to be incorrect.

The Court declines to address collateral issues raised by the motion and response, some of which may prove important[2] and some of which are simply colorful[3].

Accordingly, it is now

**ORDERED**:

The Receiver's Motion for an Order to Show Cause Why the Gunlicks Children, William L. Gunlicks, and Their Illinois Counsel Should Not Be Held in Contempt of Court for Violating the Receivership Order and Sanctioning Them to Coerce Compliance With the Court's Order (Doc. #265) is **DENIED** without prejudice.

**DONE AND ORDERED** at Fort Myers, Florida, this __27th__ day of January, 2011.

_____
JOHN E. STEELE
United States District Judge

Copies:
Counsel of record

---

[2] Because the Court is denying the request for an order to show cause, the Court need not address the proper service requirement. The Court would note, however, that Commodity Futures Trading Comm'n v. Am. Commodity Grp. Corp., 753 F.2d 862 (11th Cir. 1984) proceeded on an *ex parte* motion but stated that an application for an order to show cause is the functional equivalent of a complaint.

[3] The Court declines to address the complaint that referring to an attorney licensed to practice law in Illinois as an "Illinois attorney" is pejorative. The Court would note, however, that at least two Presidents of the United States would fall within the classification of being an "Illinois attorney."