```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

SECURITIES AND EXCHANGE COMMISSION,

                Plaintiff,

vs.                                  Case No. 2:09-cv-229-FtM-29DNF

FOUNDING PARTNERS CAPITAL MANAGEMENT
CO.; FOUNDING PARTNERS STABLE-VALUE
FUND, LP; FOUNDING PARTNERS STABLE-
VALUE FUND II, LP; FOUNDING PARTNERS
GLOBAL FUND, LTD.; FOUNDING PARTNERS
HYBRID-VALUE FUND, LP; WILLIAM L.
GUNLICKS; and PAMELA L. GUNLICKS,

                Defendants,
_____

## OPINION AND ORDER

This matter comes before the Court on defendant William Gunlicks' Rule 60(b) Motion, Motion to Vacate the Court's Opinion and Order and Vacate the Supplemental Judgment and Strike Underlying Motion to Set Disgorgement and Pre-[sic]Judgment Interest and Impose a Civil Penalty Against Defendant (Doc. #309) filed on August 25, 2011; defendants William L. Gunlicks and Pamela Gunlicks' Motion for Indicative Rule Pursuant to Rule 62.1 (Doc. #310) filed on August 25, 2011; defendant William L. Gunlicks' Motion to Stay (Doc. #313) filed on September 2, 2011; and defendant Pamela Gunlicks' Motion to Stay (Doc. #314) filed on September 2, 2011. The Securities and Exchange Commission (SEC) filed Responses to the motions. (Docs. ## 315, 316, 318.) Also before the Court is Attorney Gabrielle Lyn D'Alemberte and Robert

L. Parks' Motion for Leave to Withdraw as William L. Gunlicks' and Pamela Gunlicks' Counsel of Record (Doc. #319).

**I.**

On March 3, 2010, the Court entered an Order (Doc. #200) granting the SEC's Request for Entry of Judgment of Permanent Injunction and Other Relief, with the Consent of Defendant William L. Gunlicks, and directing the Clerk to enter judgment wherein Mr. Gunlicks "waived findings of fact and conclusions of law; and waived any right to appeal from this Judgment." (Doc. #200, pp. 2-3.) On March 4, 2010, the Clerk entered a Judgment in a Civil Case (Doc. #201) which included language that "The Court shall determine the amounts of the disgorgement and civil penalty upon motion of the Commission. . . . In connection with the Commission's motion for disgorgement and/or a civil penalty, the parties may take discovery, including discovery from appropriate non-parties." (Doc. #201, pp. 5-6.) On May 17, 2010, the Court granted a modification of the Asset Freeze to allow the payment of $53,392.46 to counsel for Mr. Gunlicks. (Doc. #219.)

On April 8, 2010, the Court granted a stay of all pending deadlines to allow the Receiver to negotiate the terms of the disgorgement and civil penalties. (Doc. #207.) On August 10, 2010, the stay was continued for an additional 120 days without prejudice to the Receiver's ability to carry out duties; on December 22, 2010, the Court extended the stay through February 22,

2011[1]; on February 22, 2011, the Court extended the stay for an additional 60 days; and on April 25, 2011, in light of ongoing settlement negotiations, the Court stayed the case pending notification that the stay should be lifted. (Docs. ## 240, 264, 276, 284.)

On January 5, 2011, the Magistrate Judge entered an Order (Doc. #267) permitting former counsel for the Gunlickses to withdraw, allowing until February 22, 2011, to obtain new counsel, and directing that all future communications, motions, correspondence, or filings be forwarded to the Gunlickses in Illinois. Counsel filed an appearance by the deadline. (Doc. #273.) On February 24, 2011, the court entered an Order (Doc. #278) terminating new counsel of record as neither were eligible to practice in the Middle District of Florida. On May 4, 2011, the SEC filed a Motion to Set Disgorgement and Prejudgment Interest, and Impose a Civil Penalty Against Defendant William L. Gunlicks (Doc. #288). The Certificate of Service reflects that the motion was served on May 4, 2011, by electronic filing to all participants, and Mr. Delaney, one of two attorneys terminated on February 24, 2011.[2] (Doc. #288, p. 17.) On May 20, 2011, counsel

---

[1] The Court notes that a typographical error was made in the Order extending the stay through and including February 22, 2010. (Doc. #264.)

[2] New Counsel asserts that the motion was served on Mr. Gunlicks under letter dated May 16, 2011. (Doc. #297-2.)

Gabrielle Lyn D'Alemberte filed an appearance on behalf of the Gunlickses. (Docs. #290, #291.) On June 13, 2011, finding no response to the SEC's motion, the Court issued an Opinion and Order (Doc. #292) granting the SEC's motion and directing the payment of disgorgement, pre-judgment interest, and civil monetary penalties by William L. Gunlicks. A Supplemental Judgment (Doc. #293) was issued on June 15, 2011, and William L. Gunlicks was terminated as a party.

On July 7, 2011, current counsel for Mr. Gunlicks filed a Motion to Strike Plaintiff's Motion to Set Disgorgement and Pre-Judgment Interest and Impose a Civil Penalty Against Defendant William Gunlicks [D.E. 288], to Vacate the Court's Opinion and Order [D.E. 292] and Vacate the Supplemental Judgment [D.E. 293] arguing lack of adequate notice, the failure of the Court to set a deadline to file a response, the SEC's failure to indicate that a response might be required, and confusion over the impact of the stay. (Doc. #297.) The SEC filed a Response (Doc. #299) stating that Mr. Gunlicks was also served "in an excess of caution" on May 16, 2011, and that counsel had an independent obligation to review the docket upon filing an appearance. On July 15, 2011, the Gunlickses filed a Notice of Appeal (Doc. #300), and on July 21, 2011, the Court denied the motion to strike and vacate because the Court no longer had jurisdiction over the request based on the transmitted appeal, doc. #302.

**II.**

Counsel for the Gunlickses seeks reconsideration of the Motion to Strike, to Vacate the Court's Opinion and Order and Vacate the Supplemental Judgment (Doc. #297). Reconsideration of a Court's previous order is an extraordinary remedy and, thus, is a power which should be used sparingly. Griffin v. Swim-Tech Corp., 722 F.2d 677, 680 (11th Cir. 1984). The appeal remains pending, however the Eleventh Circuit has stayed the appeal pending a ruling on the motion for reconsideration pursuant to Rule 62.1[3]. (Doc. #316.)

Counsel for the Gunlickses is admitted in the Middle District of Florida, and therefore is assumed to be aware of the Local Rules, including Local Rule 3.01(b), which provides that a party opposing a motion or application "shall file" a response within 14 days after service. M.D. Fla. R. 3.01(b). The Court did not issue an Order on the SEC's motion until 21 days after counsel appeared on behalf of the Gunlickses. The argument that counsel should have been notified by the Court or the SEC that a response was due or could be filed is rejected.

The case was stayed with regard to all trial deadlines to allow the SEC and Mr. Gunlicks to continue settlement discussions,

---

[3]Rule 62.1 permits the Court to defer a motion, deny a motion, or "state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue." Fed. R. Civ. P. 62.1(a).

and without prejudice to the Receiver continuing its duties in the case. Counsel had the ability to seek clarification, or leave to file a response by filing an appropriate motion, if counsel was unclear as to his or her duties as counsel of record. Counsel did not do so. Therefore, the argument concerning confusion about the stay is also rejected.

Counsel also argues that Mr. Gunlicks was denied due process. Counsel does not argue lack of adequate notice of the Judgment (Doc. #201), which clearly stated "[i]n connection with the Commission's motion for disgorgement and/or a civil penalty, the parties *may* take discovery, including discovery from appropriate non-parties." (Doc. #201, pp. 5-6)(emphasis added). Mr. Gunlicks did not reach a settlement agreement with the SEC and had the ability at any time to invoke the provisions of the Judgment and demand discovery. Mr. Gunlicks also had the ability to object, respond, or contest the SEC's request for disgorgement, prejudgment interest, and a civil penalty but did not do so in a timely fashion. Counsel did not oppose the SEC's motion and waited until 22 days after entry of the Court's Opinion and Order to seek to strike the SEC's motion. Therefore this argument is also rejected as a basis for reconsideration.

The Court finds that counsel has failed to articulate a basis to reconsider vacate the Court's Opinion and Order, or to reconsider and vacate the Supplemental Judgment, or to strike the

SEC's Motion to Set Disgorgement and Prejudgment Interest, and Impose a Civil Penalty.

### III.

Counsel Gabrielle Lyn D'Alemberte and Robert L. Parks seek to withdraw from representation of the Gunlickses. Counsel indicate that "with no ability to pay, irreconcilable differences have arisen." The Gunlickses do not consent to the withdrawal as they cannot afford representation based on the asset freeze. Upon review, the Court finds that counsel should not be permitted to withdraw from representation. There is no indication that the Gunlickses' financial situation has substantially changed since counsel were retained, and counsel have an appeal pending, which if successful, will require further activity in the district court.

Accordingly, it is now

**ORDERED**:

1. Defendant William Gunlicks' Rule 60(b) Motion, Motion to Vacate the Court's Opinion and Order and Vacate the Supplemental Judgment and Strike Underlying Motion to Set Disgorgement and Pre-[sic]Judgment Interest and Impose a Civil Penalty Against Defendant (Doc. #309) is **deferred** pending a determination by the Eleventh Circuit Court of Appeals.

2. Defendants William L. Gunlicks and Pamela Gunlicks' Motion for Indicative Rule Pursuant to Rule 62.1 (Doc. #310) is **GRANTED** to

the extent that the Court indicates that it would not grant the Rule 60(b) motion if the matter was remanded.

3. The Clerk shall notify the Circuit Clerk of Court forthwith of the contents of this Order pursuant to Federal Rule of Appellate Procedure 12.1.

4. Defendant William L. Gunlicks' Motion to Stay (Doc. #313) is **GRANTED** pending appeal.

5. Defendant Pamela Gunlicks' Motion to Stay (Doc. #314) is **GRANTED** pending appeal.

6. Attorney Gabrielle Lyn D'Alemberte and Robert L. Parks' Motion for Leave to Withdraw as William L. Gunlicks' and Pamela Gunlicks' Counsel of Record (Doc. #319) is **DENIED**.

7. In light of the stay pending appeal, the Receiver's Fourth Interim Application for Allowance and Payment of Fees and Expenses (Doc. #295); Motion to Intervene (Doc. #298); the Receiver's Motion for an Order Approving Auction of the Receivership Entities' Furniture and Equipment (Doc. #304); and the Receiver's Motion to End Monthly Disbursement of $3,000 to Defendant Gunlicks (Doc. #305) are **deferred.**

**DONE AND ORDERED** at Fort Myers, Florida, this __1st__ day of December, 2011.

JOHN E. STEELE
United States District Judge

Copies:
USCA
Counsel of record