UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SECURITIES AND EXCHANGE COMMISSION,

        Plaintiff,

vs.                                 Case No. 2:09-cv-229-FtM-29DNF

FOUNDING PARTNERS CAPITAL MANAGEMENT
CO., WILLIAM L. GUNLICKS and PAMELA
L. GUNLICKS,

        Defendants,

_____

**OPINION AND ORDER**

This matter comes before the Court on William L. Gunlicks' Motion to Vacate the Consent Decree and Judgment Pursuant to Rule 60(b) (Doc. #351) filed on October 12, 2012. Plaintiff filed a Response (Doc. #356) on October 25, 2012. For the reasons set forth below, the motion is denied.

**I.**

This matter is brought by plaintiff asserting violations of the antifraud provisions of the federal securities laws. On March 3, 2010, the Court entered an Order (Doc. #200) granting the SEC's Request for Entry of Judgment of Permanent Injunction and Other Relief, with the Consent of Defendant William L. Gunlicks, and directing the Clerk to enter judgment wherein Mr. Gunlicks "waived findings of fact and conclusions of law; and waived any right to appeal from this Judgment." (Doc. #200, pp. 2-3.) On March 4,

2010, the Clerk entered a Judgment in a Civil Case (Doc. #201) which included language that "The Court shall determine the amounts of the disgorgement and civil penalty upon motion of the Commission . . . In connection with the Commission's motion for disgorgement and/or a civil penalty, the parties may take discovery, including discovery from appropriate non-parties."  (Doc. #201, pp. 5-6.)

On May 4, 2011, the SEC filed a Motion to Set Disgorgement and Prejudgment Interest, and Impose a Civil Penalty Against Defendant William L. Gunlicks (Doc. #288).  On June 13, 2011, finding no response to the SEC's motion, the Court issued an Opinion and Order (Doc. #292) granting the SEC's motion and directing the payment of disgorgement, pre-judgment interest, and civil monetary penalties by William L. Gunlicks.  A Supplemental Judgment (Doc. #293) was issued on June 15, 2011, and William L. Gunlicks was terminated as a party.  On July 15, 2011, the Gunlicks defendants filed a Notice of Appeal.  (Doc. #300.)

On December 1, 2011, the Court issued an Opinion and Order indicating that defendant William Gunlicks' Rule 60(b) Motion, Motion to Vacate the Court's Opinion and Order and Vacate the Supplemental Judgment and Strike Underlying Motion to Set Disgorgement and Pre-Judgment Interest and Impose a Civil Penalty Against Defendant (Doc. #309) would be denied if the matter was remanded.  (Doc. #321.)  On May 22, 2011, after the Eleventh

Circuit Court of Appeals dismissed the appeal, the Court denied the Rule 60(b) Motion. (Doc. #339.)

On October 25, 2012, defendant Williams Gunlicks filed the subject motion seeking to vacate the Consent Decree (Doc. #197-1) and the March 3, 2010 Order (Doc. #200) pursuant to Fed. R. Civ. P. 60(b) and 65(d). (Doc. #351.)

**II.**

Federal Rule of Civil Procedure 60(b) permits a party to seek relief from a final judgment under the following circumstances:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . .; (3) fraud . . ., misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged . . .; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). To receive relief under Rule 60(b)(6), the movant must show "that the circumstances are sufficiently extraordinary to warrant relief . . . that is, movants must show that absent such relief, an extreme and unexpected hardship will result." Galbert v. W. Caribbean Airways, 715 F.3d 1290, 1294 (11th Cir. 2013)(internal citation and quotation marks omitted). "Even then, whether to grant the requested relief is a matter for the district court's sound discretion." Cano v. Baker, 435 F.3d 1337, 1342 (11th Cir. 2006)(quotation and alteration marks omitted).

Defendant William Gunlicks argues that the Consent Decree and March 3, 2010 Order should be vacated because: (1) Gunlicks was not

allowed to engage in discovery regarding plaintiff's Motion to Set Disgorgement and Prejudgment Interest, and Impose a Civil Penalty Against Defendant William L. Gunlicks (Doc. #288); (2) the Receiver has prevented Gunlicks from accessing files, documents, and records for the purpose of facilitating an evidentiary hearing on the issue of disgorgement, preserving his own claims, and in assisting the Receivership; (3) the Receiver has challenged Gunlicks' individual claims; (4) Gunlicks was never permitted an evidentiary hearing on the issue of disgorgement; (5) the Court granted plaintiff's motion for disgorgement without any discovery or evidentiary hearing; (6) the Consent Decree is void for want of consideration; and (7) the Receiver's actions have injured the receivership estate, the investors, and the Relief Defendants. (Doc. #351.)

The Court finds that defendant Gunlicks has failed to show that the circumstances are sufficiently extraordinary to warrant relief. The Court has previously addressed Gunlicks' argument that he was denied his right to discovery or an evidentiary hearing on the issue of disgorgement. (Docs. ## 321, 329.) To the extent defendant Gunlicks is now arguing that the Consent Decree and March 3, 2010 Order should be vacated as a result, the Court finds the argument unconvincing. Gunlicks' arguments that the Receiver's

actions require the Court to vacate the Consent Decree and March 3, 2010 Order are also insufficient.[1]

Accordingly, it is now

**ORDERED**:

William L. Gunlicks' Motion to Vacate the Consent Decree and Judgment Pursuant to Rule 60(b) (Doc. #351) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this <u>24th</u> day of October, 2013.

<u>/s/ John E. Steele</u>
JOHN E. STEELE
United States District Judge

Copies: Counsel of record

---

[1] To the extent defendant Gunlicks seeks leave to file an oversized memorandum in support of the motion, the request is denied.