UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

v.                            Case No: 2:09-cv-229-FtM-29CM

FOUNDING PARTNERS STABLE-VALUE FUND, LP, FOUNDING PARTNERS STABLE-VALUE FUND II, LP, FOUNDING PARTNERS GLOBAL FUND, LTD, FOUNDING PARTNERS HYBRID-VALUE FUND, LP, PAMELA L GUNLICKS, and REGIONS BANK,

    Defendants.

## OPINION AND ORDER

This matter comes before the Court on The Roman Catholic Church for the Archdiocese of New Orleans's (the Archdiocese) Motion for Relief from Order Requiring Stay of Louisiana State Court Proceedings (Doc. #451) filed on April 3, 2015. Daniel S. Newman, solely in his capacity as Receiver, (the Receiver) filed a Response (Doc. #454) on April 27, 2015. Sun Capital Healthcare, Inc. and Sun Capital, Inc. (the Sun Companies) filed a Response (Doc. #455) on April 27, 2015. On June 3, 2015, the Archdiocese filed a Reply. (Doc. #458.)

On May 20, 2009, the Court entered an Order transferring to the Receiver control over all assets of Founding Partners Capital Management Company (FPCMC) and the Founding Partners Relief

Defendants. (Doc. #73.) The entities subject to the Receiver's control are known as the Receivership Entities. The Order also enjoined all persons "from prosecuting any actions or proceedings which involved the Receiver or which affect the property of Founding Partners or the Founding Partners Relief Defendants" during the period of receivership. (Id.) Among the cases stayed as a result of that Order is the case at issue here, The Roman Catholic Church of the Archdiocese of New Orleans v. Sun Capital Healthcare, Inc. et al., Civil Docket No. 09-12364, Division "B", Section 15, currently pending in Civil District Court for the Parish of Orleans, State of Louisiana (the Louisiana Action). In the Louisiana Action, the Archdiocese asserts causes of action against FPCMC (a Receivership Entity) and other entities not subject to the receivership (Non-Receivership Entities) such as the Sun Companies. The stay was temporarily lifted twice to allow the Archdiocese to preserve certain rights in the Louisiana Action. (Docs. ##173, 224.)

    The Archdiocese now seeks to lift the stay permanently as it concerns Non-Receivership Entities while continuing to stay the Louisiana Action as to the Receivership Entities. The Archdiocese and the Receiver are in agreement that the stay should be lifted as to the Non-Receivership Entities so that the Archdiocese may proceed against them. Additionally, the parties agree that the Archdiocese cannot pursue causes of action against the

Receivership Entities in the Louisiana Action because recovery against Receivership Entities is available only via the receivership claims process. However, the Receiver and the Sun Companies disagree with the Archdiocese's request for a partial lifting of the stay, arguing that there is no reason to stay causes of action against Receivership Entities when all interested parties (including the Archdiocese) agree such claims are to be resolved via the receivership. Instead, the Receiver and the Sun Companies suggest that lifting the stay as to the Non-Receivership Entities should be conditioned on the Archdiocese dismissing with prejudice its claims against FPCMC, the only Receivership Entity named in the Louisiana Action. The Archdiocese has offered to dismiss FPCMC from the Louisiana Action without prejudice, but objects to dismissal with prejudice.

The Court agrees that the stay should be lifted as to the Non-Receivership entities. Additionally, the Court agrees with the Receiver and the Sun Companies that there is no reason to continue staying the Archdiocese's cause of action against FPCMC now that the Archdiocese's claim in the receivership has been recommended for approval by the Receiver and approved by the Court. (Doc. #430.) Accordingly, the Court will lift the stay in its entirety as it applies to the Louisiana Action. To the extent the receivership proceedings have rendered the claims against FPCMC in the Louisiana Action subject to dismissal, the parties to the

Louisiana Action are free to move for appropriate relief in Louisiana state court. However, the Court will not condition the lifting of the stay on the dismissal of claims in the Louisiana Action.

Accordingly, it is hereby

**ORDERED:**

1. The Roman Catholic Church for The Archdiocese of New Orleans's Motion for Relief from Order Requiring Stay of Louisiana State Court Proceedings (Doc. #451) is **GRANTED in part and DENIED in part.**

2. As set forth herein, the stay of proceedings set forth in the Court's May 20, 2009, October 26, 2009, and June 22, 2010 Orders (Docs. ##73, 173, 224) is hereby **lifted** as it pertains to <u>The Roman Catholic Church of the Archdiocese of New Orleans v. Sun Capital Healthcare, Inc. et al.</u>, Civil Docket No. 09-12364, Division "B", Section 15.

3. The Clerk is **directed** to send a certified copy of this Order to the Clerk of Court for the Civil District Court for the Parish of Orleans, State of Louisiana.

**DONE and ORDERED** at Fort Myers, Florida, this __8th__ day of June, 2015.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record