UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SECURITIES AND EXCHANGE
COMMISSION,

    Plaintiff,

v.

Case No: 2:09-cv-229-FtM-29CM

FOUNDING PARTNERS STABLE-
VALUE FUND, LP, FOUNDING
PARTNERS STABLE-VALUE
FUND II, LP, FOUNDING
PARTNERS GLOBAL FUND, LTD,
FOUNDING PARTNERS HYBRID-
VALUE FUND, LP, PAMELA L
GUNLICKS and REGIONS BANK,

    Defendants.

## ORDER

This matter comes before the Court upon review of the Receiver Daniel S. Newman's (the "Receiver") Motion to Extend Order Governing the Use of Confidential Discovery Information Dated January 25, 2010 [D.E. 191] (Doc. 474) filed on March 13, 2017. The parties have not filed a response to this motion, and their time to do so has expired. The parties' non-response to the present motion creates a presumption that the motion is unopposed. *Great Am. Assur. Co. v. Sanchuk, LLC*, No. 8:10-cv-2568-T-33AEP, 2012 WL 195526, at *3 (M.D. Fla. Jan. 23, 2012).

On May 20, 2009, United States District Judge John E. Steele appointed Newman as the Receiver for various companies, including Defendant Founding Partners Capital Management Company. Doc. 73. On January 25, 2010, then

United States Magistrate Judge Sheri Polster Chappell entered an Order Governing the Use of Confidential Discovery Information (the "SEC Action Confidentiality Order").[1]  Doc. 191.  Paragraph 4 of the SEC Action Confidentiality Order states that:

> Confidential Discovery Material (including Highly Confidential material) may be used only for the purposes of this Action, the SEC action to which it is ancillary (no. 2:09-cv-229) ("the SEC Action") (including for appropriate reports to the Court by the Receiver in the SEC Action), and any other action brought by the Receiver pursuant to the Order Appointing Replacement Receiver entered in the SEC Action for which such information is reasonably necessary (a "Receiver Action"), provided that in the event of such Receiver Action, the Receiver shall specifically apply to the Court to extend this Order to said Receiver Action after giving notice to the Defendants and any non-parties providing information under the protections of this Order of his intention to do so.  Such material shall not be used for any other purpose, including, without limitation, any business or commercial purpose or any other litigation or proceeding, except for a business resolution of this Action between the Parties to this Action or a Receiver Action; provided, however, that the foregoing shall not apply to Discovery Material that properly is or becomes part of the public record.

*Id.*

Under Paragraph 4, the Receiver seeks the Court's permission to use confidential discovery information in a related action initiated by the Receiver, *Daniel Newman v. Ernst & Young, LLP and Mayer Brown LLP*, Case No. 10-49061, in the Circuit Court for the Seventeenth Judicial Circuit in and for Broward County, Florida (the "Receiver Action").  Doc. 474 at 1-2.  The Receiver provides a copy of the Order

---

[1] This Order is identical to the Order Governing the Use of Confidential Discovery Information (Doc. 178) (the "Sun Capital Confidentiality Order") entered in *Newman v. Sun Capital, Inc.*, No. 2:09-cv-445-FtM-99SPC (M.D. Fla. Mar. 18, 2010) (the "Sun Capital Action").

Governing the Use of Confidential Discovery Information entered on December 9, 2016 in the Receiver Action, which provides:

> discovery and other proceedings in this Action will necessarily involve the production and use of certain documents and information produced pursuant to the SEC Action Confidentiality Order and/or the Sun Capital Confidentiality Order, and other documents and information of a similar nature to the documents and information subject to the SEC Action Confidentiality Order and/or Sun Capital Confidentiality Order[.]

Doc. 474-1 at 2.

The Receiver also argues that he received the formal requests for production of documents from one of the defendants in the Receiver Action, which included confidential discovery information produced pursuant to the SEC Action Confidentiality Order and/or the Sun Capital Confidentiality Order. Doc. 474 at 2-3. The Receiver asserts that he provided the requisite notice to Ernst & Young, which is one of the defendants in the Receiver Action, and the Sun Capital entities[2] in the Sun Capital Action. *Id.* at 3.

Because the Receiver alleges that he provided the requisite notice under Paragraph 4 of the SEC Action Confidentiality Order, and the parties did not file an opposition to the present motion, the Court will grant the present motion and extend the SEC Action Confidentiality Order to permit the use of confidential discovery information in the Receiver Action. *Id.*

---

[2] The Sun Capital entities are Sun Capital, Inc. and Sun Capital Healthcare, Inc., which are the defendants in the Sun Capital Action. Doc. 474 at 3 n.1; *Newman v. Sun Capital, Inc.*, No. 2:09-cv-445-FtM-99SPC (M.D. Fla. Apr. 9, 2014).

ACCORDINGLY, it is hereby

**ORDERED:**

1. The Receiver Daniel S. Newman's Motion to Extend Order Governing the Use of Confidential Discovery Information Dated January 25, 2010 [D.E. 191] (Doc. 474) is **GRANTED**.

2. The Order Governing the Use of Confidential Discovery Information (Doc. 191) is extended to permit the use of confidential discovery information in *Daniel Newman v. Ernst & Young, LLP and Mayer Brown LLP*, Case No. 10-49061, filed in the Circuit Court for the Seventeenth Judicial Circuit in and for Broward County, Florida.

**DONE** and **ORDERED** in Fort Myers, Florida on this 21st day of April, 2017.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record