UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CASE NO.: 2:09-CV-229-FTM-29SPC

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

vs.

FOUNDING PARTNERS CAPITAL MANAGEMENT
and WILLIAM L. GUNLICKS,

    Defendants,

FOUNDING PARTNERS STABLE-VALUE FUND, LP,
FOUNDING PARTNERS STABLE-VALUE FUND II, LP,
FOUNDING PARTNERS GLOBAL FUND, LTD., and
FOUNDING PARTNERS HYBRID-VALUE FUND, LP,

    Relief Defendants.
_____/

## RECEIVER'S EMERGENCY MOTION TO AMEND
## PRELIMINARY APPROVAL OF SETTLEMENT AND SCHEDULING ORDER

Receiver Daniel S. Newman, not individually, but solely in his capacity as the Court-appointed receiver ("Receiver") for Founding Partners Capital Management Company ("FPCM"); Founding Partners Stable-Value Fund L.P.; Founding Partners Stable-Value Fund II, L.P.; Founding Partners Global Fund, Ltd.; and Founding Partners Hybrid-Value Fund, L.P. (collectively, the "Receivership Entities"), respectfully submits this Emergency Motion to Amend the Preliminary Approval of Settlement and Scheduling Order dated November 25, 2020 (the "Order")[1] (D.E. 511).

---

[1] The Receiver requests relief on an emergency basis because under the Order the time period to complete the notice requirements of emailing or mailing, and posting information on the Receiver's website, expires on November 30, 2020.

1

*The SEC does not object to the relief sought in this motion.*

The Receiver requests that the Order be amended as follows:

(1) to allow the Receiver five (5) days from the date of an amended Preliminary Approval of Settlement and Scheduling Order to mail or email a copy of the Motion, the Settlement Agreement, and a Notice to all Approved Claimants, Bar Order Parties, and all counsel of record for any person who is, at the time of Notice, a party in the present action or the Broward Litigation;

(2) to allow the Receiver five (5) days after the entry of an amended Preliminary Approval of Settlement and Scheduling Order to cause the Settlement Agreement, the Motion, the amended Settlement and Scheduling Order, the Notice and all exhibits and appendices to these documents, to be posted on the Receiver's website (http://www.foundingpartners-receivership.com); and (3) to allow thirty (30) days from the date of completion of the actions described in items (1) and (2) above, or in the alternative 45 days from that date, for any potential objections to be filed with the Court, with responses to any objections to be filed fourteen (14) days after the deadline for filing objections.

The Receiver requests this relief because he is concerned that the existing schedule in the Order, including a ninety-day objection period, risks the failure of one of the express Conditions[2] of the proposed Settlement Agreement with Mayer Brown.

The Receiver and Mayer Brown entered into the Settlement Agreement on October 23, 2020 (D.E. 508-1.) Under the terms of the Settlement Agreement, Mayer Brown will pay the Receiver $390 million, with an initial payment of $370 million, and with interest on part of the deferred payments of the balance. One of the express Conditions to reaching the "Settlement

---

[2] Capitalized terms throughout this Motion are used as defined in the proposed Settlement Agreement with Mayer Brown.

Effective Date," which triggers the obligation to begin paying the Settlement Amount, is that all of the amounts separately committed in writing by each of Mayer Brown's insurance carriers for the relevant policy year must be immediately available to be disbursed to the Receiver (Settlement Agreement D.E. 508-1 ¶ 23).  In other words, Mayer Brown is not obligated to pay the Settlement Amount unless the committed insurance funds are actually available to it for that purpose.

In order to assure the availability of those amounts needed to make the First Settlement Payment of $370 million, Mayer Brown's insurers have executed a letter agreement with Mayer Brown,[3] stating (in relevant part) that their respective contributions to the Settlement Amount will be deposited in a trust account with counsel for one of the insurers within sixty days of the Agreement Date, and that they shall not withdraw the deposited funds <u>unless</u>: (1) <u>two hundred and forty (240) calendar days have elapsed since the Agreement Date and the Settlement Effective Date has not occurred</u>, and the dispute resolution procedures set out in Section XVIII of the Settlement Agreement have not been triggered. The Agreement Date was October 23, 2020. The period of 240 days described in the letter agreement will end on June 20, 2021.

The Order as entered on November 25 includes a 90 day period for filing objections to the Settlement. The Receiver is concerned that it is therefore possible that the Final Settlement Approval & Bar Order will not become Final[4] and the Settlement Effective Date may not be reached before the expiration of the 240 day period described in the insurers' letter agreement with Mayer Brown. The Order provides that all objections to the proposed Settlement be filed no later than February 26, 2021 (D.E. 511, p. 4) and allows either Party to the Settlement, or the SEC, to

---

[3]  This letter agreement is referred to in the Settlement Agreement, ¶ 28.

[4] In order to become Final, as defined in the Settlement Agreement, the appeal periods from the final order requested in the Motion for Approval must also have run.  Because the SEC is a party to this action, Rule 4(a)(1)(B)(ii) of the Federal Rules of Appellate Procedure allows a notice of appeal to be filed within 60 days after entry of the judgment or order appealed from.

3

file a response to any objections no later than March 12, 2021. (D.E. 511, p. 6.) The Order further provides that the Final Approval Hearing will take place within thirty (30) days after the deadline to file objections.

On November 3, 2020, the Receiver filed his Motion for Approval of Settlement Agreement with Mayer Brown (D.E. 508), suggesting that this Court allow thirty (30) days for any objections to be filed with the Court from the date that the approved form of Notice of the proposed Settlement was sent to all Approved Claimants, Bar Order Parties, and all counsel of record for any person who is a party to this present action or to the Broward Litigation (D.E. 508, p. 34). The SEC did not object to the relief sought in the Motion.

The proposed Settlement is clearly beneficial to the Receivership Estate, and to the investors who hold Approved Claims. The settlement amount of $390 million would allow the Receiver to pay the approved claims of creditors, and to make a substantial distribution to investors with Approved Claims. Investors holding more than 98% of the Approved Claims have already indicated their support for the proposed Settlement.[5]

At the same time, amending the Order to provide a shorter time for filing objections to the proposed Settlement should not have a negative impact on any of the potentially affected parties. As noted, the vast majority of Approved Claimants have already indicated their support for the proposed Settlement. Ernst & Young (the other defendant in the Broward litigation) has consented to the proposed Settlement. The other Bar Order Parties (as defined in the Settlement Agreement)

---

[5] The Receiver has already provided copies of the Settlement Agreement to the holders of Approved Claims (and who would be subject to the Bar Order) and asked – if they had no objection to the proposed Settlement – that they express their approval of the proposed Settlement by executing and returning a Consent form. The Receiver has received executed Consents from the holders of 180 Approved Claims, or 96.77% by number of Approved Claims, representing 98.36% by amount of the Approved Claims. (See D.E. 508, p. 33.)

4

consist of a relatively small group of individuals and entities. The Receiver believes that it is unlikely that the Court will receive any objections, and that a shorter objection period is sufficient to allow the Bar Order parties (or any other potentially affected person) to file an objection if they have any reason to oppose this proposed Settlement.

This Court has the inherent power to manage its calendar, *Mingo v. Sugar Cane Growers Co-Op of Fla.,* 864 F.2d 101, 102 (11th Cir. 1989), and the "inherent power to modify or rescind its orders before final judgment in a civil case," and to "manage its docket and courtroom with a view toward the efficient and expedient resolution of cases." *Dietz v. Bouldin*, 136 S.Ct. 1885, 1888-89 (2016).  Rule 6(b), Fed.R.Civ.Pro., authorizes the Court to extend the time provided in the Order for the Receiver to serve the approved Notice on the Approved Claimants, Bar Order Parties, and other entitled to receive Notice of the proposed Settlement.

## **CONCLUSION**

For all the above reasons, the Receiver respectfully requests that this Court amend the Settlement and Scheduling Order to (1) allow the Receiver five (5) days from the date of an amended Settlement and Scheduling Order to mail or email a copy of the Motion, the Settlement Agreement, and a Notice to all Approved Claimants, Bar Order Parties, and all counsel of record for any person who is, at the time of Notice, a party in the present action or the Broward Litigation; (2) allow the Receiver five (5) days after the entry of an amended Settlement and Scheduling Order to cause the Settlement Agreement, the Motion, the amended Settlement and Scheduling Order, the Notice and all exhibits and appendices to these documents, to be posted on the Receiver's website (http://www.foundingpartners-receivership.com); and (3) allow thirty (30) days (or in the alternative 45 days) from the date of completion of the actions described in items (1) and (2) above,

for any potential objections to be filed with the Court, with responses to any objections to be filed fourteen (14) days after the deadline for filing objections.

Dated: November 27, 2020.

Respectfully submitted,

NELSON MULLINS BROAD AND CASSEL
Attorneys for Receiver
One Biscayne Tower, 21st Floor
2 South Biscayne Boulevard
Miami, FL 33131
Tel: (813) 225-3011
Fax: (813) 204-2137

By: /s/ Jonathan Etra
    Jonathan Etra, Esq.
    Florida Bar No. 0686905
    Christopher Cavallo, Esq.
    Florida Bar No. 0092305

## CERTIFICATE OF SERVICE

I hereby certify that on November 27, 2020, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel who are not authorized to receive Notices of Electronic Filing.

By: /s/ Jonathan Etra
    Jonathan Etra, Esq.

**SERVICE LIST**

| | |
|---|---|
| **Robert K. Levenson, Esq.**<br>Miami Regional Trial Counsel<br>Securities and Exchange Commission<br>801 Brickell Avenue, Suite 1800<br>Miami, FL  33131<br>305-982-6341 (direct dial)<br>305-536-4154 (facsimile)<br>levensonr@sec.gov<br>*Counsel for U.S. Securities and*<br>*Exchange Commission*<br><u>*Service via CM/ECF*</u> | **Gabrielle D'Alemberte, Esq.**<br>The D'Alemberte Trial Firm, P.A.<br>1749 N.E. Miami Ct.<br>Suite 301<br>Miami, FL 33132<br>gabrielle@dalemberte.com<br>*Counsel for William & Pamela Gunlicks*<br><u>*Service via CM/ECF*</u> |
| **Stuart Z. Grossman**<br>**Rachel W. Furst**<br>Grossman Roth Yaffa Cohen<br>2525 Ponce de Leon Blvd., Suite 1150<br>Coral Gables, Florida 33134<br>Tel: 305.442.8666<br>Fax: 305.285.1668<br>***Co-counsel for the Receiver*** | |

7