UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CASE NO.:  2:09-CV-229-FTM-29SPC

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

vs.

FOUNDING PARTNERS CAPITAL MANAGEMENT,
and WILLIAM L. GUNLICKS,

    Defendants,

FOUNDING PARTNERS STABLE-VALUE FUND, LP,
FOUNDING PARTNERS STABLE-VALUE FUND II, LP,
FOUNDING PARTNERS GLOBAL FUND, LTD., and
FOUNDING PARTNERS HYBRID-VALUE FUND, LP,

    Relief Defendants.

_____/

## RECEIVER'S TWELFTH STATUS REPORT

Daniel S. Newman, as Court-appointed receiver (the "Receiver") for Defendant Founding Partners Capital Management Company ("FPCMC") and the Relief Defendants Founding Partners Stable-Value Fund, L.P.; Founding Partners Stable-Value Fund II, L.P.; Founding Partners Global Fund, Ltd.; and Founding Partners Hybrid-Value Fund, L.P. (collectively, the "Receivership Entities"), respectfully files his Twelfth Status Report (the "Twelfth Report"). This Twelfth Report addresses information and issues that occurred from approximately June 23, 2020 through April 30, 2022 (the "Reporting Period").

I.  **INTRODUCTION**

On April 20, 2009, the United States Securities and Exchange Commission filed its complaint ("SEC Action") against FPCMC and William L. Gunlicks ("Gunlicks"), alleging that FPCMC and Gunlicks had engaged, and were engaging, in a scheme to defraud investors and violate the federal securities laws. [D.E. 1]. In the Complaint, the SEC sought, among other relief, entry of a temporary restraining order and a preliminary injunction. After reviewing the SEC's submission, on April 20, 2009 the Court entered an Order Freezing Assets of Founding Partners and Gunlicks (the "Asset Freeze Order"). The Asset Freeze Order also applies to Founding Partners Stable-Value Fund, L.P., ("Stable-Value"), Founding Partners Stable-Value Fund II, L.P. ("Stable-Value II"), Founding Partners Global Fund, Ltd., ("Global Fund") and Founding Partners Hybrid-Value Fund, L.P. ("Hybrid-Value") (collectively, "Founding Partners Funds").

On April 20, 2009, the Court also entered an order (the "Initial Receivership Order") appointing a receiver (the "Initial Receiver") for Founding Partners and the Founding Partners Funds (collectively, the "Receivership Entities"). [D.E. 9]. The Initial Receiver was subsequently removed by Court Order on May 13, 2009. [D.E. 70]. Daniel S. Newman, Esq. (the "Receiver") was appointed Replacement Receiver by Court Order on May 20, 2009 (the "Receivership Order"), which Order superseded the Initial Receivership Order. [D.E. 73]. The Receivership Order provides that the Receiver shall, among other things:

> (a) Take immediate possession of all property, assets and estates of every kind of Founding Partners and each of the Founding Partners Relief Defendants, whatsoever and wheresoever located, including but not limited to all offices maintained by Founding Partners and the Founding Partners Relief Defendants, rights of action, books, papers, data processing records, evidences of debt, bank accounts, savings accounts, certificates of deposit, stocks, bonds, debentures and other securities, mortgages, furniture, fixtures, office supplies and equipment, and all real property of Founding Partners and the Founding Partners Relief Defendants wherever situated, and to

    administer such assets as is required in order to comply with the directions contained in this Order… ; and

(b) Investigate the manner in which the affairs of Founding Partners and the Founding Partners Relief Defendants were conducted and institute such actions and legal proceedings, for the benefit and on behalf of Founding Partners or the Founding Partners Relief Defendants and their investors and other creditors as the Receiver deems necessary against those individuals, corporations, partnerships, associations and/or unincorporated organizations which the Receiver may claim have wrongfully, illegally or otherwise improperly misappropriated or transferred money or other proceeds directly or indirectly traceable from investors in Founding Partners and the Founding Partners Relief Defendants …

## II. LITIGATION UPDATE

### A. The Broward Litigation

As previously reported, the Receiver, represented by Court-approved special counsel, sued the Receivership Entities' former auditor Ernst & Young ("E&Y"), along with the Receivership Entities' former counsel Mayer Brown LLP ("Mayer Brown"). The lawsuit was filed in the Seventeenth Judicial Circuit in and for Broward County, Florida (the "Broward Litigation").

#### i. E&Y Update

As reported in the Receiver's Ninth Status Report [D.E. 478, pp. 5-6], on July 5, 2017, the Florida Fourth District Court of Appeals ("Fourth DCA") affirmed the trial court's Order compelling arbitration for all of the Funds' claims against E&Y. On July 27, 2017, the Receiver filed a Motion for Clarification and Rehearing with the Fourth DCA. By Order dated October 11, 2017, the Fourth DCA reversed in part and affirmed in part the Order compelling arbitration for all claims against E&Y, as described in the Receiver's previous Status Report. To summarize and as previously reported, due to the nine fee agreements with E&Y, the Founding Partners Funds' claims are currently in arbitration, while the Assignees' claims, which were assigned for the benefit

of the estate are still pending (though currently stayed) in the Florida state court action against E&Y.

As previously reported, on March 27, 2020, the American Arbitration Association ("AAA") panel substantially granted E&Y's Motion to Dismiss the claims that E&Y argued were subject to arbitration only according to the rules of the CPR International Institute for Conflict Prevention & Resolution ("CPR"). The effect of the AAA panel's decision is to require that many of the Receiver's claims for periods (mostly after 2003) be arbitrated before a CPR panel and under CPR rules. In the March 27 Partial Final Award, the AAA panel retained jurisdiction of the "Remaining Claims,"[1] and has directed further proceedings with respect to the Remaining Claims. Since the Receiver's last report, the CPR panel has been empaneled the final hearing before the CPR panel will be held upon the conclusion of the AAA proceedings.

Discovery in the AAA arbitration against Ernst & Young continues to proceed, with the arbitration to follow, now scheduled for final hearing in April 2023. Although there can be no guarantees in any complex litigation, the Receiver's counsel has expressed confidence in the arbitration against E&Y. The Receiver continues to post current information to his website concerning the arbitration against E&Y.

  ii. <u>Mayer Brown litigation</u>

As previously reported to the Court in various filings, in or about July 2020, the Receiver and Mayer Brown agreed to a settlement in principle. In connection with those discussions, the parties sought to stay the Broward Litigation on July 15, 2020. After months of negotiation while

---

[1] The "Remaining Claims" include claims related to Global Fund and the following engagement letters, fiscal years, and Founding Partners Funds: March 22, 2001 (FY 2000) Founding Partners Equity Fund, L.P.; April 17, 2001 (FY 2000) Founding Partners Multi-Strategy Fund, L.P.; February 28, 2002 (FY 2001) Founding Partners Stable-Value Fund, L.P.; February 12, 2003 (FY 2002) Founding Partners Equity Fund, L.P.; and March 3, 2004 (FY 2003) Founding Partners Stable-Value Fund, L.P. and Founding Partners Equity Fund, L.P.

preparing the settlement documents, the Receiver filed his Motion for Approval of Settlement Agreement with Mayer Brown on November 3, 2020 ("Motion for Approval"). [D.E. 508]. The Court held a hearing on the Motion for Approval on February 3, 2021.

On February 5, 2021, the Court entered its Approval and Bar Order. [D.E. 527]. Pursuant to the Court-approved settlement, the Receiver was to obtain the total sum of $390 million, including a First Settlement Payment of $370 million, and deferred payments of the balance over a period of four years. [*Id.*, p. 3]. On February 10, 2021, the Court in the Broward Litigation entered a Final Judgment pursuant to the Settlement Agreement, dismissing the Receiver's claims against Mayer Brown. On February 12, 2021, the Court entered its Partial Final Judgment [D.E. 528].

As of October 28, 2021, Mayer Brown has paid the full amount due and owing to the Receiver pursuant to the terms of the Settlement Agreement.[2] *See* [D.E. 559].

      iv.  <u>Investor Conference Calls</u>

During this Reporting Period, the Receiver and his counsel in the Broward Litigation held twelve (12) investor conference calls in order to provide an update on the status of the litigation to investors.

      v.  <u>Interim Distribution</u>

In accordance with the Court's Order of May 11, 2021, the Receiver completed its first interim distribution of $225 million to all approved investors. Additional details on this distribution are located in the Receiver's various filings concerning the distribution. *See, e.g.* [D.E. 531, 535, 540, 544]. The Receiver is assessing whether another interim distribution is in the best interests of the Receivership Estate considering anticipated litigation expenses for the two arbitrations and remaining portion of the litigation remaining before the Court in Broward County.

---

[2] On October 28, 2021, Mayer Brown elected to pay the entirety of deferred payments early.

### III.  MISCELLANEOUS

#### A.  Requests to Recognize Transfers of Interests

From time to time, the Receiver receives requests from investors to recognize transfers of their interests, in whole or in part, on the Receivership book and records. These are transfers the Receiver is not involved with, other than to update his books and records to reflect their occurrence. During the Reporting Period, the Receiver filed two motions to recognize transfers of claims. [D.E. 539, 548]. The Court approved the Receiver's motions on May 11, 2021, and August 13, 2021. [D.E. 541, 549]. Currently, the Receiver's office is reviewing additional requests for transfers and preparing another motion for approval to recognize same on its books and records.

#### B.  Non-Investor Claims Process

On September 3, 2020, the Receiver sought the Court's approval to initiate a claims process for non-investor creditors of the Receivership Estate. [D.E. 502]. On September 9, 2020, the Court approved the non-investor claims process. [D.E. 503]. In carrying out the Court-approved claims process, the Receiver obtained: (i) three non-investor claims ("Creditor Claims"); and (2) three new investor claims ("Investor Claims") from individuals who swore under oath that they were not aware of the original investor claims process. The Receiver performed a substantial analysis of the claims received. On January 25, 2021, the Receiver filed a motion with the Court recommending approval of the three Creditor Claims and three Investor Claims. [D.E. 521]. There were no objections to the Receiver's recommendations, and the Court approved the claims on April 9, 2021. [D.E. 537]. The approved Creditor Claims and three new Investor Claims were included in the recent interim distribution, approved by the Court in May 2021.

## V.    FEE APPLICATION

The Receiver will be filing a Fifteenth Application for Fees and Expenses Incurred by the Receiver, Retained Counsel, and Other Professionals shortly after filing this Twelfth Report. The Fifteenth Application for Fees and Expenses covers a portion of the Reporting Period.

## CONCLUSION

The Receiver will be filing additional reports with the Court to advise the Court of the status of the Receivership.

## CERTIFICATE OF SERVICE

I hereby certify that on June 24, 2022, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel who are not authorized to receive Notices of Electronic Filing.

Dated: June 24, 2022.

          Respectfully submitted,

          **NELSON MULLINS RILEY & SCARBOROUGH**
          Attorneys for Receiver
          One Biscayne Tower, 21st Floor
          2 South Biscayne Boulevard
          Miami, FL 33131
          Tel: (813) 225-3011
          Fax: (813) 204-2137

          By: /s/ Christopher Cavallo
               Jonathan Etra, Esq.
               Florida Bar No. 0686905
               Christopher Cavallo, Esq.
               Florida Bar No. 0092305

-8-

## SERVICE LIST

| **Robert K. Levenson, Esq.**<br>Miami Regional Trial Counsel<br>Securities and Exchange Commission<br>801 Brickell Avenue, Suite 1800<br>Miami, FL  33131<br>305-982-6341 (direct dial)<br>305-536-4154 (facsimile)<br>levensonr@sec.gov<br>*Counsel for U.S. Securities and*<br> *Exchange Commission*<br>*Service via CM/ECF* | **Gabrielle D'Alemberte, Esq.**<br>The D'Alemberte Trial Firm, P.A.<br>1749 N.E. Miami Ct.<br>Suite 301<br>Miami, FL 33132<br>gabrielle@dalemberte.com<br>*Counsel for William & Pamela Gunlicks*<br>*Service via CM/ECF* |
|---|---|